

FILED
MAR 16 2011

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| VAN BUREN LODGING, LLC, | CIV 10-1016 |
| Plaintiff, | |
| | OPINION AND ORDER |
| -vs- | |
| WINGATE INNS INTERNATIONAL, INC., | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Van Buren Lodging, LLC, ("Van Buren") is a South Dakota and New York limited liability company (three of its members reside in Brown County, South Dakota, and one member resides in Syracuse, New York). Wingate Inns International, Inc. ("Wingate") is a Delaware corporation (a wholly owned subsidiary of Cendant Hotel Group, Inc.) with its principal place of business in New Jersey. Van Buren entered into a franchise agreement with Wingate on November 8, 2005, to operate a Wingate hotel in Warners, New York. Van Buren discontinued its operation of the hotel property as a Wingate Inn and rebranded as a Holiday Inn Express on December 1, 2009.

Van Buren instituted this action for breach of the South Dakota Franchise Act, SDCL 37-5A-1, et seq., breach of contract and the implied covenant of good faith and fair dealing, unjust enrichment, intentional misrepresentation, negligent misrepresentation, and a declaratory judgment that Van Buren is entitled to rescission of the franchise agreement or, in the alternative, that Van Buren is not required to pay liquidated damages to Wingate pursuant to the franchise agreement. Wingate filed a motion to transfer venue to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) based upon the facts that the parties agreed in the franchise agreement that New Jersey law would apply and consented to personal jurisdiction and venue in New Jersey for all controversies arising under the franchise agreement.

## DECISION

As plaintiff points out in one of its affidavits in resistance to the motion to transfer, I have recently issued an opinion setting forth the law to be applied in considering a motion to transfer venue pursuant to 28 U.S.C. § 1404(2). Wurth Electronics Midcom, Inc. v. Digital Light, LLC, 2010 WL 2925381 (D.S.D. July 19, 2010) (unpublished).[1] 28 U.S.C. § 1404(a) allows for a district court to transfer any civil action "to any other district or division where it might have been brought." "The statute 'was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper.'" In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010) (*quoting* Van Dusen v. Barrack, 376 U.S. 612, 634 n. 30, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

The Eighth Circuit has declined to set forth an "exhaustive list of specific factors to consider" in making § 1404(a) transfer decisions. In re Apple, Inc., 602 F.3d at 912. Consistent with the statute, courts consider three general categories of factors when deciding a motion to transfer: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Additionally, a district court must engage in an analysis of all other factors relevant to venue, incorporating an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). Those factors should include the presence of forum selection and choice of law clauses as well as state law disfavoring such clauses. *Id.* at 29-30, 108 S.Ct. at 2244.

The United States Supreme Court has pointed out that "§ 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege." Van Dusen v. Barrack, 376 U.S. at 634, 84 S.Ct. at 818. Therefore, defendants seeking transfer bear a heavy burden of showing that "the balance [of factors] is strongly in favor of the defendant[s]." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).[2]

---

[1] In keeping with the preference not to cite unpublished opinions, I will cite to the original sources as set forth in Wurth.

[2] The remedy of dismissal under doctrine of forum non conveniens which was affirmed in Gulf Oil has now been superseded by the enactment of § 1404(a).

2

> It is well-established that a change of venue, although within the discretion of the district court, should not be freely granted. Courts are in the business of deciding cases, not playing procedural hockey among available districts at the whim of dissatisfied parties. *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir.1982) *overruled on other grounds, Missouri Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1311 (8th Cir. 1990).

Herschbach v. Herschbach, 667 F.Supp.2d 1080, 1086 (D.N.D. 2009).

Defendant contends that, since the hotel at issue operated in New York and some of the witnesses would be from New York, as well as New Jersey, where the defendant has its offices, New Jersey would be more convenient. I disagree that this factor would weigh in favor of defendant. Plaintiff's causes of action surround the formation of the franchise agreement, not the operation of the hotel. Witnesses from South Dakota who participated in the negotiation of the franchise agreement would be equally inconvenienced by having to appear in New Jersey. Counsel for plaintiff is from Minneapolis, Minnesota. Counsel for defendant is from Kansas City, Missouri. Transfer would simply shift the inconvenience from the defendant to the plaintiff. The balance of the convenience of the parties and witnesses does not weigh in favor of a transfer from the plaintiff's choice of forum to New Jersey.

Defendant argues that the parties agreed to litigate any controversies surrounding the franchise agreement in the District of New Jersey. The forum selection clause in the franchise agreement does not mandate that suits must be brought exclusively in New Jersey but provides:

> [Y]ou consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement.

The appropriate venue of an action is a procedural matter and therefore forum selection clauses are construed pursuant to federal law. Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010). A "non-exclusive" or "permissive" venue provision conferring jurisdiction in one court does not preclude jurisdiction or venue in another forum selected by the plaintiff. *Id.* *See also*, Muzumdar v. Wellness Intern. Network, Ltd., 438 F.3d 759, 762 (7th Cir. 2006), Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77-78 (9th Cir. 1987), and K & V Scientific Co. v. BMW, 314 F.3d 494, 499-500 (10th Cir. 2002). The jurisdiction and venue clause in the parties' franchise agreement does not mandate transfer in this case.

The United States Court of Appeals for the Eighth Circuit set forth the typical factors to analyze under the "interests of justice" category as:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d at 696. There is no real argument that factors (1) and (3)-(5) do not weigh either for or against a § 1404(a) transfer. Plaintiff urges that its choice of forum is entitled to deference, a proposition already addressed above.

Defendant contends that plaintiff's choice of forum is not entitled to deference here where the parties stipulated to the application of New Jersey law. Generally, that proposition is true. However, in this case plaintiff has alleged a cause of action under the South Dakota Franchise Act which provides, in part:

> Any provision in a franchise agreement restricting jurisdiction or venue to a forum outside this state or requiring the application of the laws of another state is void with respect to a claim otherwise enforceable under this chapter.

SDCL 37-5A-51.1.[3] Thus, plaintiff is entitled to pursue remedies under the South Dakota Franchise Act in addition to any New Jersey state law claims. This Court is equally capable of applying New Jersey common law as articulated in its case law as New Jersey would be in applying the South Dakota Franchise Act. The interests of justice do not weigh in favor of transfer.

Plaintiff chose this forum in which to litigate issues surrounding the entering into of a franchise agreement with defendant. South Dakota has an interest in affording its citizens a local venue within which to litigate the parties' dispute. Plaintiff properly exercised its venue privilege and defendant has failed in its burden of showing that the balance of factors is strongly in favor of the defendant's desire to transfer venue pursuant to 28 U.S.C. § 1404(a).

---

[3]Repealed by SL 2008, ch 203, § 51. However, SL 2008, ch 203, § 52 provides, in part: "Any action or proceeding that is pending on July 1, 2008 or may be instituted on the basis of conduct occurring before July 1, 2008, is still subject to the provisions of chapter 37–5A as of June 30, 2008."

## ORDER

Based upon the foregoing,

IT IS ORDERED that defendant's motion, Doc. 10, to transfer venue is denied.

Dated this 11th day of March, 2011.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Paepke
DEPUTY
(SEAL)

5